UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In Admiralty

Case No.:

IN THE MATTER OF:

The Complaint of James Roy Tucker, Jr.
as owner of the S/V *Soon Come*, a
40-foot 1988 Irwin Yachts Sailing
Vessel bearing Hull Identification
Number XYM385261788, her engines,
tackle, apparel, and appurtenances,
for exoneration from or limitation of liability.
_____/

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiff, James Roy Tucker, Jr., as owner of the S/V *Soon Come*, a 40 foot 1988 Irwin Yacht sailing vessel bearing Hull Identification Number XYM385261788, her engines, tackle, apparel and appurtenances (hereinafter referred to as the "Vessel"), hereby files this Complaint for exoneration from or limitation of liability, and states as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, the

Supplemental Rules for Certain Admiralty and Maritime Claims and the Local Admiralty Rules of this Court.

2. The Court has jurisdiction over this claim under 28 U.S.C. § 1333, because the incident described in this complaint occurred on navigable waters and bears a substantial relationship to traditional maritime activity, as more fully alleged below.

3. At all times relevant to this complaint, the registered owner of the Vessel was James Roy Tucker, Jr., a Florida citizen residing in this district.

4. At all times material to this complaint, V & R Investments, Ltd. was the owner of the motor vessel *Valkyrie*.

5. At all times material to this complaint, Marina Management Corp. was the owner of a marina known as Palafox Pier and Yacht Harbor (the "Marina") located in Pensacola, Florida.

6. Venue is proper in this district because the incident alleged in this complaint occurred on navigable waters in Pensacola, Florida, and the Vessel is currently located in this district.

## FACT OF THE CASE

7. On approximately September 12, 2020, Tropical Storm Sally formed in the Southeastern Gulf of Mexico and was expected to head toward the Gulf Coast of the United States.

8. By September 14, 2020, Tropical Storm Sally had strengthened and was expected to become a hurricane.

9. By September 15, 2020, Hurricane Sally's track had been shifting to the East with landfall expected during the early morning hours of September 16, 2020.

10. When the Plaintiff learned that Tropical Storm Sally had formed in the Gulf of Mexico and was expected to take a track that could impact the Pensacola, Florida area, he took steps to prepare the Vessel for the storm.

11. The steps taken by the Plaintiff to prepare the Vessel for Tropical Storm Sally included the following:

   (a) He removed all sails from the Vessel.

   (b) He removed all loose items on the Vessel.

   (c) He tied down items that could not be removed or stowed below.

(d) He added 3 fenders on the portside to act as cushions between the Vessel and the pier.

(e) He added 3 additional lines made of 3/4-inch braided nylon to the port bow and the starboard bow.

(f) He already had in place 2 bow lines, 2 spring lines and 1 port stern line made of 5/8-inch braided nylon.

(g) He had a combined total of 8 strong lines securing the Vessel.

12. The 8 lines securing the Vessel were attached to cleats on the pier.

13. The Marina had a rule which prohibited vessels from tying off to pilings.

14. On September 16, 2020, the Vessel was securely moored in slip D-19 in the Marina before Hurricane Sally arrived.

15. In the early morning hours of September 16, 2020, Hurricane Sally came ashore just west of Pensacola, Florida causing significant damage throughout the area.

16. During Hurricane Sally, the pier to which the Vessel was secured broke off and cast the Vessel adrift in the storm.

17. The Vessel drifted in the Marina with the pier still attached to it.

18. After Hurricane Sally had passed through Pensacola, Florida, Plaintiff received notice that two (2) claims were being made against him for damage allegedly caused by the Vessel.

19. By letter dated September 25, 2020, the Marina notified Plaintiff that it was making a claim against him for physical damage to Marina property and for consequential and incidental damages, including business interruption.

20. By letter dated October 20, 2020, the Plaintiff was notified that V & R Investments, Ltd. contended that the Vessel broke loose during Hurricane Sally and allided with the *Valkyrie* causing her to be damaged.

21. Before and at the time of the events described in this complaint, the Vessel was in all respects seaworthy and properly and sufficiently manned, supplied, equipped and furnished with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the recreational uses in which she was engaged.

22. At all times relevant to this complaint, the Plaintiff exercised due diligence to make the Vessel seaworthy in all respects and properly and sufficiently manned, equipped and supplied with suitable machinery, tackle, apparel, and appliances.

23. The post casualty value of the Vessel is $15,000.00. This value represents the maximum amount of Plaintiff's interest in the Vessel.

24. There was no pending freight at the time of the incident because the Vessel is used only for recreational purposes.

25. Plaintiff claims the benefits of the provisions of 46 U.S.C. § 30501, et. seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

26. The incident described in this complaint was not caused or contributed to by any fault, neglect, or lack of care on the part of the Plaintiff or the Vessel or others for whom they are responsible. Accordingly, Plaintiff is entitled to exoneration from liability.

27. In the alternative, and without admitting liability or fault, Plaintiff states that in the event he or the Vessel is held responsible to any party by reason of the incident described above, then they claim the benefit of limitation of liability as provided for in 46 U.S.C. § 30501-30511.

28. In support of his request for limitation of liability, Plaintiff states that all injuries, losses, and damages sustained because of the incident described in this complaint, occurred without his fault and without his privity or knowledge.

29. Simultaneous with the filing of this complaint, Plaintiff offers his ad interim stipulation in the amount of $15,000.00, the maximum amount of the post casualty value of his interest in the Vessel, together with costs and interest at the rate of 6% per year from the date of the ad interim stipulation, said ad interim stipulation being to secure the payment in the Court, whenever the court shall so order, of the aggregate amount of the value of Plaintiff's interests in the Vessel.

30. This complaint is timely filed because it was filed within six (6) months from the date of the incident and within six (6) months after Plaintiff's receipt of a claim against him in writing.

31. All and singular, the premises are true and within the admiralty and maritime jurisdiction of this Court.

WHEREFORE, Plaintiff respectfully requests:

(a) That this Court cause due appraisal to be made of the amount or value of his interest in the Vessel immediately following the incident of September 16, 2020;

(b) That this Court enter an order directing Plaintiff to file an ad interim stipulation to be approved by the Court providing for payment into the Court of the amount or value of his interest

in the Vessel plus pending freight, if any, together with costs and interests at the rate of 6% per year or bond therefore, whenever the Court shall so order;

(c) The Court enter an order directing the issuance of a monition to all persons, firms and corporations claiming damages for any and all injury, loss, damage, or destruction resulting from the incident on September 16, 2020, as described above, and citing them to appear as directed and to make due proof of their respective claims and also to appear and answer the allegations of this complaint according to the law and the practices of this Court on or before a date and time to be fixed by the monition;

(d) That the Court enter an order directing that upon the giving of such stipulation as may be determined to be proper or of an ad interim stipulation for the payment into the Court of the Plaintiff's interest, or a bond therefore, an injunction shall issue restraining the prosecution of any and all suits, actions and proceedings already begun to recover damages arising out of, occasioned by of consequence upon the casualties set

forth in this complaint, and the commencement or prosecution thereafter of any suits, actions, or legal proceedings of any nature or description whatsoever except in the present proceeding against the Plaintiff, the Vessel or her underwriter in respect of any claim or claims arising out of the incident described above;

(e) That the Court in this proceeding will adjudge the following:

    (i)    That the Plaintiff and the Vessel are not liable to any extent for any injury, loss, damage or expense or for any claim whatsoever in any way arising out of or in consequence of the incident described in this complaint; or

    (ii)    If the Plaintiff or the Vessel is adjudged liable, that such liability be limited to the amount or value of the Plaintiff's interest in the Vessel immediately following the incident of September 16, 2020, and that the Vessel be discharged therefrom upon the surrender of Plaintiff's interest in the Vessel and her pending freight, if any, and that the money

surrendered, paid or secured, to be paid as stated above be divided according the provisions of the statutes mentioned in the complaint among the claimants who duly prove their claims in accordance with the provisions of the order requested above, saving to all parties any priorities to which they may be legally entitled and that a decree be entered discharging the Plaintiff, underwriters, and the Vessel from all further liability;

(f) That the Plaintiff may have such other and further relief as be deemed proper under the circumstances.

Respectfully submitted,

WHITEBIRD, PLLC
Attorneys for Plaintiff

/s/ Ted L. Shinkle, Esq.
Ted L. Shinkle, Esq.
Florida Bar No.: 6080501
730 E. Strawbridge Ave., Ste. 209
Melbourne, FL 32901
Phone: (321) 327-5580
Email: tshinkle@whitebirdlaw.com
Secondary: jaliano@whitebirlaw.com

## VERIFICATION OF JAMES ROY TUCKER, JR.

The undersigned, James Roy Tucker, Jr. swears as follows:

1. My name is James Roy Tucker, Jr.

2. I am the owner of the S/V *Soon Come* described in the complaint.

3. I have read the complaint and have personal knowledge of the facts stated in it.

4. I declare under penalty of perjury that the facts stated in the complaint are true and correct to the best of my knowledge, information, and belief.

Executed at Pensacola, Florida on November 13, 2020.

By: *James Roy Tucker Jr.*
James Roy Tucker, Jr.

11